■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PEREZ, Appellant. [828 NYS2d 401]—Judgment, Supreme

Court, New York County (Arlene D. Goldberg, J., at plea; Michael R. Ambrecht, J., at sentence), rendered May 21, 2004, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant did not preserve his claim that, after his expulsion from two drug programs, the sentencing court should have placed him in a drug program more suited to his alleged psychiatric condition or permitted him to withdraw his plea (*see People v Battle*, 287 AD2d 361 [2001], *lv denied* 97 NY2d 751 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that "[t]he court properly exercised its discretion in imposing the prison sentence provided for in defendant's plea agreement since, despite two separate opportunities, defendant failed to complete a drug program as required by the agreement" (*People v Torres*, 18 AD3d 214, 214 [2005], *lv denied* 5 NY3d 770 [2005] [citation omitted]). It is undisputed that defendant was discharged from both programs because of his misconduct. The record does not support his claim that these programs could not meet his psychiatric needs.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.